**COPPER VALLEY COAL COMPANY, INC., Plaintiff,**

v.

**UNITED MINE WORKERS OF AMERICA, INTERNATIONAL UNION and District 2 of the United Mine Workers of America, Defendants.**

**Civ. A. No. 86–899.**

United States District Court,
W.D. Pennsylvania.

Nov. 6, 1990.

**581**

Gregg M. Rosen, Pittsburgh, Pa., for plaintiff.

Michael J. Healey, Pittsburgh, Pa., Earl V. Brown, Jr. and William O. Shults, United Mine Workers of America, Washington, D.C., Barbara J. Hillman, Chicago, Ill., for defendants.

MEMORANDUM OPINION

BLOCH, District Judge.

Presently before this Court are defendants' motions for summary judgment. This case concerns the legality of the purchased-coal clause contained in the 1981 National Bituminous Coal Wage Agreement (NBCWA). This clause obligated NBCWA signatories to contribute a certain sum to the United Mine Workers of America (UMWA) Health and Retirement Funds for each ton of coal purchased by a signatory from a non-signatory. Plaintiff, a non-signatory, contends that the clause deprived plaintiff of $330,152.08 from the purchase price of coal sold by plaintiff to Pennsylvania Mines Corporation (PMC). Plaintiff also contends that the clause operated to drive plaintiff out of business. Plaintiff claims that the purchased-coal clause unreasonably restrains trade in violation of the antitrust laws. Plaintiff, therefore, seeks to recover treble damages pursuant to § 4 of the Clayton Act, 15 U.S.C. § 15.[1]

*I. Summary judgment*

Summary judgment may only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party would bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion, *International Raw Materials, Ltd. v. Stauffer Chemical Co.,* 898

---

**1.** Plaintiff's complaint also raised a cause of action based on an alleged violation of § 8(e) of the Labor Management Relations Act. By order dated May 8, 1990, this Court precluded plaintiff from seeking damages based solely on a violation of § 8(e).

F.2d 946, 949 (3d Cir.1990), and must resolve all reasonable inferences in favor of the non-movant. *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that "the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir.) (*in banc*), *cert. dismissed*, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987); *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. Summary judgment should be used sparingly in anti-trust cases. *Out Front Productions, Inc. v. Magid*, 748 F.2d 166, 170–71 (3d Cir.1984).

## II. Proximate cause

Defendants first contend that summary judgment is appropriate because the purchased-coal clause was not the proximate cause of plaintiff's injuries. In an antitrust action for damages pursuant to § 4, plaintiff bears the burden of demonstrating a causal connection between the alleged unlawful conduct and the specific damage suffered by plaintiff. *Feeser*, 909 F.2d at 1532. Plaintiff need only show that the unlawful conduct is a material cause of plaintiff's injuries; plaintiff need not show that the unlawful conduct is the sole cause of the injuries. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 114 n. 9, 89 S.Ct. 1562, 1571 n. 9, 23 L.Ed.2d 129 (1969).

Examining the facts in a light most favorable to plaintiff and resolving all reasonable inferences in plaintiff's favor, this Court finds that plaintiff has proffered sufficient evidence to establish the existence of proximate causation. Thus, summary judgment is precluded on this ground.

## III. Antitrust exemption

Defendants also contend that summary judgment is appropriate because, even assuming that the purchased-coal clause violates federal labor law, the non-statutory labor exemption to the antitrust laws immunes defendants from antitrust liability. Plaintiff responds that issues of material fact exist as to the availability of the non-statutory exemption, so summary judgment is inappropriate.

The non-statutory exemption is a legal defenses formulated by the Supreme Court to accommodate the competing policies of the labor and antitrust laws.

Union success in organizing workers and standardizing wages ultimately will affect price competition among employers, but the goals of federal labor law never could be achieved if this effect on business competition were held a violation of the antitrust laws. The Court therefore has acknowledged that labor policy requires tolerance for the lessening of business competition based on differences in wages and working conditions.

*Connell Construction Co., Inc. v. Plumbers and Steam Fitters Local Union No. 100*, 421 U.S. 616, 622, 95 S.Ct. 1830, 1835, 44 L.Ed.2d 418 (1975).

Plaintiff may establish a prima facie antitrust case by showing that the purchased-coal clause, or conduct taken pursuant to the clause, is illegal under the federal labor laws and that the clause or conduct is a material cause of plaintiff's injuries. *Consolidated Express, Inc. v. New York Shipping Association, Inc.*, 602 F.2d 494, 521 (3d Cir.1979), *vacated and remanded on other grounds*, 448 U.S. 902, 100 S.Ct. 3040, 65 L.Ed.2d 1131 (1980). At that point, defendants may raise the non-statutory exemption as a complete defense by showing: (1) that at the time defendants acted, they could not have reasonably foreseen that the purchased-coal clause would be held to be unlawful under § 8(e) of the Labor Management Relations Act (LMRA); (2) that the purchased-coal clause and steps taken to implement it were intimately related to the object of collective bargaining thought at the time to be legitimate; and (3) the purchased-coal clause went no further in imposing restraints in the secondary market than was reasonably necessary to

accomplish this then-believed legitimate objective. *Consolidated Express*, 602 F.2d at 521; *Feather v. UMWA*, 711 F.2d 530, 542 (3d Cir.1983). The defendants bear the burden of proof of establishing each element of the non-statutory exemption defense. *Consolidated Express*, 602 F.2d at 521.

■ The first element of the non-statutory exemption which defendants must establish is that the purchased-coal clause was not foreseeably unlawful under § 8(e). This Court finds that defendants have established this element. The purchased-coal clause has been the subject of extensive litigation. *See In re Bituminous Coal Wage Agreements*, 756 F.2d 284, 288–89 (3d Cir.) (documenting the litigation), *cert. denied*, 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 149 (1985). The version of the clause presently in dispute was formulated in 1974 following *Riverton Coal Co. v. UMWA*, 453 F.2d 1035 (6th Cir.), *cert. denied*, 407 U.S. 915, 92 S.Ct. 2439, 32 L.Ed.2d 690 (1972), which held that the prior version of the clause violated § 8(e). The first appellate decision to address the legality of the current version of the clause was *In re Bituminous Coal Wage Agreements* which held that the clause is not illegal on its face. *In re Bituminous Coal Wage Agreements*, 756 F.2d at 291–92. In 1979, the National Labor Relations Board (NLRB) refused to issue a complaint on an unfair labor practice charge based on the present version of the purchased-coal clause. (Letter from Henry Shore, Regional Director of the NLRB, to Consolidation Coal Company (Feb. 28, 1979)). In the summary report accompanying the refusal, the NLRB stated that the purchased-coal clause "is on its face, a lawful work preservation/union standards clause rather than a clause of violative of § 8(e)...." *Id.*, summary report at 1. In the absence of case law to the contrary, combined with the NLRB's construction of the purchased-coal clause as lawful, the illegality of the clause was not foreseeable during the 1981 negotiations, or in 1982 or 1983.

The second element that defendants must establish is that the purchased-coal clause was intimately related to the object collective bargaining thought to be legitimate. The defendants contend that the clause is intimately related to the objects of protecting the work opportunities and work standards of the collective bargaining unit. If the objective of the clause was either to retain work that was traditionally performed by employees represented by the defendants and also within PMC's power to assign, or to inhibit subcontracting of work that would otherwise be performed by members of the bargaining unit, then the objective was legitimate. *In re Bituminous Coal Wage Agreements*, 756 F.2d at 289–90. However, if the defendants' objective was to prohibit signatories from contracting with non-union or non-UMWA enterprises, then the objective was invalid. *Id.* at 290 (*quoting A. Duie Pyle, Inc. v. NLRB*, 383 F.2d 772, 777 (3d Cir.1967), *cert. denied*, 390 U.S. 905, 88 S.Ct. 819, 19 L.Ed.2d 871 (1968)); *National Woodwork Manufacturers Association v. NLRB*, 386 U.S. 612, 629–30, 87 S.Ct. 1250, 1260, 18 L.Ed.2d 357 (1967). The determinative factor in assessing the legitimacy of the defendants' objectives is whether the purchased-coal clause was designed to preserve the work of the bargaining unit, or instead was "'tactically calculated to satisfy union objectives'" regarding non-signatory employers. *In re Bituminous Coal Wage Agreements*, 756 F.2d at 289 (*quoting Woodwork Manufacturers*, 386 U.S. at 644, 87 S.Ct. at 1268).

In the present case, the defendants' objectives are not apparent from the language of the clause. *In re Bituminous Coal Wage Agreements*, 756 F.2d at 290–91. The record is not sufficient for this Court to determine the defendants' objectives in including the purchased-coal clause in the NBCWA. Accordingly, summary judgment is inappropriate.

The third element of the non-statutory exemption that defendants must prove is that the purchased-coal clause imposed no secondary restraints beyond those reasonably necessary to accomplish the defendants' legitimate objectives. This Court finds that if defendants can prove that their objectives were preservation of work

**584**

opportunities or work standards, the purchased-coal clause was sufficiently tailored so as to satisfy the third element of the non-statutory exemption defense. The clause is facially legal, and on its face does not impose impermissible restraints on the secondary market. Plaintiff contends that the clause could have been more narrowly focused so as to apply "only to non-UMWA operators, whose wages and benefits were substandard compared to those of UMWA operators." (Plaintiff's memorandum in opposition to defendants' supplemental motion at 9). However, such language may have operated to defeat the defendants' purported objective of work preservation. Additionally, the third prong of the non-statutory exemption does not require the clause to be absolutely narrowly tailored. The non-statutory exemption is applicable only if the purchased-coal clause is illegal due to its secondary effects. Requiring the clause to be absolutely narrowly tailored would in essence require the clause to be legal, thereby eviscerating the exemption in the present case. Therefore, in the present case the third prong of the exemption is satisfied if the clause is reasonably tailored. The purchased-coal clause does not impose restraints in the secondary market beyond those reasonably necessary to further the defendants' stated objective of work preservation.

*IV. Summary*

Issues of material fact remain in dispute regarding both of defendants' bases for summary judgment. Accordingly, summary judgment is denied as to each motion.

An appropriate Order will be issued.